# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cr-00374-RK |
| | ) | |
| (2) MEGAN BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Defendant's motion to vacate the preliminary and final orders of forfeiture for substitute property. (Doc. 476.) The motion is fully briefed. (Docs. 477, 480, 485.) This is Defendant's second motion challenging the orders of forfeiture for substitute property. On November 12, 2021, the Court denied Defendant's motion for reconsideration of the preliminary order of forfeiture for substitute property, finding the Government had satisfied its burden for such forfeiture under 21 U.S.C. § 853(p). (Doc. 474.) Defendant argues the orders of forfeiture must be vacated as void since the preliminary order of forfeiture for substitute property was entered prior to Defendant receiving notice of the Government's motion for preliminary order of forfeiture. In short, Defendant argues the Court should grant relief under the All Writs Act, 28 U.S.C. § 1651,[1] given the due process concerns she raises in this case.

Under the All Writs Act, federal courts are statutorily authorized to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." § 1651(a). The Court is doubtful it has authority under the All Writs Act to provide the relief Defendant seeks. *See United States v. Georgiou*, No. 09-88, 2018 WL 9618227, at *6-7 (E.D. Pa. June 19, 2018), *aff'd*, 800 F. App'x 136 (3d Cir. 2020) (because defendant could have appealed order of forfeiture for substitute property, All Writs Act was inapplicable) (denying

---

[1] In her motion to vacate, Defendant relies on Federal Rule of Civil Procedure 60 as authority to vacate the prior orders. (*See generally* Docs. 476, 477). In her reply, however, Defendant concedes Rule 60 does not apply in criminal cases, as the Government argued in opposing Defendant's motion. (Doc. 485 at 2.) Instead, in her reply, Defendant argues the Court should vacate the prior orders under authority granted by the All Writs Act, codified at 28 U.S.C. § 1651(a). Generally, the Court need not consider arguments raised for the first time in reply. *O'Saughnessy v. McClatchy Co.*, No. 4:13-cv-00492-DGK, 2013 WL 12203246, at *1 n.1 (W.D. Mo. July 17, 2013). Nonetheless, the Court will *ex gratia* consider Defendant's argument for relief under the All Writs Act.

motion to vacate forfeiture order and order for substitute assets through a writ of audita querela under authority of the All Writs Act); *see also Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) (recognizing the All Writs Act is a "residual source of authority to issue writs that are not otherwise covered by statute").

Moreover, even if the Court did have the authority broadly to grant the relief Defendant seeks under the All Writs Act, the Court would not exercise its discretion to do so. *See also Liles v. Del Campo*, 350 F.3d 742, 746 (8th Cir. 2003) (reviewing for an abuse of discretion district court's injunction order issued under authority of the All Writs Act). Ultimately, Defendant argues her procedural due process rights were violated when the Government's motion for a preliminary order of forfeiture for substitute property was granted before she received notice of the motion being filed and thus did not have an opportunity to respond.

In her plea agreement in the underlying criminal case, however, Defendant agreed explicitly to the forfeiture of

> any asset that is subject to forfeiture to the United States either directly or as a substitute for property that was subject to forfeiture but is no longer available for the reasons set forth in 21 U.S.C. § 853(p) . . . including but not limited to judgment of at least $250,000. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional challenges in any manner . . . to any forfeiture carried out in accordance with this plea agreement on any grounds[.]

(Doc. 140.) Additionally, following the entry of her guilty plea pursuant to the plea agreement, the Government filed its motion for preliminary order of forfeiture – which Defendant did not oppose despite having an opportunity to do so – that (1) sought a personal money judgment against Defendant in the amount of $250,000, and (2) expressly recognized that while no property that could be forfeited as a substitute asset under 21 U.S.C. § 853(p) had been identified at that time, the Government may later move under Federal Rule of Criminal Procedure 32.2(e) to seek forfeiture of such substitute property. The Government did just that after identifying such substitute assets, and the Court found both in granting the motion and ruling on Defendant's motion for reconsideration on the merits that the Government had fully satisfied both the statutory and Rule 32.2 requirements for forfeiture of these assets in substitution for the $250,000 money judgment. *See also* Fed. R. Crim. P. 32.2(e)(1)(A) & (2)(A) ("On the government's motion, the court may at any time enter an order of forfeiture . . . to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute" and "[i]f the government shows

that the property is subject to forfeiture . . . the court must . . . enter an order forfeiting that property[.])

Defendant's motion to vacate (Doc. 476) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  March 11, 2022